**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1651**

LAMAR A. WILLIAMS,

       Plaintiff - Appellant,

   v.

BALTIMORE COUNTY GOVERNMENT,

       Defendant - Appellee,

   and

VINCENT J. GARDINA,

       Defendant.

**No. 18-1652**

LAMAR A. WILLIAMS,

       Plaintiff - Appellant,

   v.

BALTIMORE COUNTY GOVERNMENT,

       Defendant – Appellee,
   and

VINCENT J. GARDINA,

Defendant.

_____

**No. 18-1691**
_____

LAMAR A. WILLIAMS,

        Plaintiff - Appellant,

    v.

BALTIMORE COUNTY GOVERNMENT,

        Defendant – Appellee,
   and

VINCENT J. GARDINA,

        Defendant.

_____

**No. 18-1866**
_____

LAMAR A. WILLIAMS,

        Plaintiff - Appellant,

    v.

BALTIMORE COUNTY GOVERNMENT,

        Defendant – Appellee,
   and

VINCENT J. GARDINA,

        Defendant.

2

Appeals from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:17-cv-00066-JKB)

Submitted: May 22, 2019                                    Decided: June 5, 2019

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Lamar A. Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar A. Williams appeals the district court's order granting summary judgment to the Baltimore County Government ("the County") and orders denying Williams' Fed. R. Civ. P. 59(e) motion for reconsideration, his motions for recusal, and his motions to seal.[1] We affirm in part and dismiss in part.

As a threshold matter, Williams' notices of appeal are timely, with the exception of his July 30, 2018, notice of appeal of the district court's June 21, 2018, order denying Williams' motions to extend the time to file a Fed. R. Civ. P. 59(e) motion and to seal the County's motion for summary judgment. *See* Fed. R. App. P. 4(a)(1)(A) (noting that parties to a civil action are accorded 30 days after entry of district court's final judgment or order to note appeal). Williams did not request an extension of time to file an appeal. *See* Fed. R. App. P. 4(a)(5) (providing that district court may extend time to file notice of appeal if party moves for extension of appeal period within 30 days after expiration of original appeal period and demonstrates excusable neglect or good cause). Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), we lack jurisdiction to review the district court's June 21, 2018, order and dismiss appeal No. 18-1866.

---

[1] While Williams raises various claims regarding his criminal contempt proceedings, these claims are not properly before us at this juncture and should be raised, if at all, in Williams' appeal of his criminal contempt conviction. We also decline to consider Williams' contentions regarding his judicial complaint against the district court.

4

For the remainder of Williams' claims, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[2] *Williams v. Balt. Cty. Gov't*, No. 1:17-cv-00066-JKB (D. Md. filed May 21, 2018 & entered May 22, 2018; May 24, 2018; June 4, 2018; June 19, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[2] While the district court did not provide its rationale for denying Williams' request for a hearing prior to his filing of a Rule 59(e) motion, Williams does not explain on appeal why a hearing was necessary.